FILED

NOT FOR PUBLICATION

DEC 20 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DAVID GLENN BROWN, | No. 15-15093 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-01923-VC |
| v. | |
| CONTRA COSTA COUNTY; MARK PETERSON; KAREN ZELIS; DOUGLAS MACMASTER, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vince G. Chhabria, District Judge, Presiding

Submitted December 16, 2016[**]
San Francisco, California

Before: O'SCANNLAIN, GOULD, and M. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

David Brown appeals from the district court's grant of summary judgment against his claim of workplace racial harassment under 42 U.S.C. § 1981.[1] Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

The district court did not err in granting summary judgment. Nearly all of the alleged workplace incidents are race neutral, and the record provides no reason to infer that they had anything to do with Brown's race. The few alleged incidents that were arguably related to Brown's race were not sufficiently severe or pervasive to create an objectively hostile work environment. *See, e.g.*, *EEOC v. Prospect Airport Servs., Inc.*, 621 F.3d 991, 998 (9th Cir. 2010) ("A violation is not established merely by evidence showing sporadic use of abusive language, [race]-related jokes, and occasional teasing." (internal quotation marks omitted)); *Manatt v. Bank of Am.*, 339 F.3d 792, 798 (9th Cir. 2003) ("Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." (alteration and internal quotation marks omitted)). Thus, regardless whether

---

[1] By failing to present any argument regarding his other claims, Brown has waived any challenge to the district court's earlier dismissal of such claims or to the court's denial of Brown's request to file a sixth amended complaint. *See, e.g.*, *Torres v. Goddard*, 793 F.3d 1046, 1059 (9th Cir. 2015).

Brown subjectively perceived his environment to be racially abusive, he cannot

prevail. *See Manatt*, 339 F.3d at 799 & n.6.

**AFFIRMED.**